WESTERN DIS.
*September*,1841.

FUSELIER'S
HEIRS, f. p. c.
*vs.*
MASSE'S
HEIRS, f. p. c.

### FUSELIER'S HEIRS, f. p. c. *vs.* MASSE'S HEIRS, f. p. c.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, FOR THE PARISH OF ST. LANDRY, THE JUDGE OF THE SEVENTH PRESIDING.

Property received as a donation from the Spanish government by one of the spouses does not enter into the community; but remains his separate property and descends to his heirs as such.

The rights of the original parties to this suit were determined by this court in a former appeal. See the case of Fuselier, f. m. c., vs. Masse et al., f. p. c., 4 La. Rep., 423.

By the decree of this court the plaintiff was entitled to take one-half of the community property of which Magdalaine Masse, f. m. c., died possessed, and the defendants the other half; and the case was remanded in order that a partition be made accordingly.

The whole matter having been referred to the parish judge to make the partition, he completed the same and returned his report into court.

The defendants made opposition on the ground that the report and partition gave to the plaintiffs *more than one-half of the property to be divided.*

The contest turns on the question whether two tracts of land in Prairie Bass, and which sold for $2670, were community property, or the separate property of Etienne Sam Fuselier?

WESTERN DIS.  If the latter, the plaintiffs were entitled to the whole, as they
September,1841.  inherited all of his estate, through their father, whom he

FUSELIER'S
HEIRS, f. p. c.
vs.
MASSE'S
HEIRS, f. p. c.

adopted.

The district judge from the evidence produced, decided that these two tracts of land belonged to the community, and on bringing their proceeds into the mass with all the other property an equal division was decreed between the parties. The plaintiffs appealed.

*Gibbon,* for the plaintiffs and appellants.

*Crow & T. H. Lewis,* for the defendants.

*Martin, J.* delivered the opinion of the court.

The plaintiffs are appellants from a judgment, which directs the division of two tracts of land, granted by the Spanish government to Etienne Sam Fuselier, f. m. c., as part of the community between him and his wife. This case was before us at September term, 1832, (4 La. Reports, 423,) when we decreed that the then plaintiff was entitled to one half of the estate, real and personal, of which Magdalaine Masse, *died possessed,* and the defendants to the other half; and that the cause be remanded to the District Court, in order that a partition be made of said estate pursuant to this decree. Accordingly the District Court directed the parish judge of the parish of St. Landry to make the partition. This officer considered that the words " *estate, real and personal, of which Magdalaine Masse died possessed,*" as not including any land which was the separate property of the husband; but confined them to the property common to both spouses. He therefore directed that the two tracts of land which had been granted by the Spanish government to Etienne Sam Fuselier, the natural father of the ancestor of the present plaintiffs, and by the former given to the latter, should not be included in the partition as community property. The report and partition made by the parish judge was set aside in the District Court on the opposition of

the defendants; these two tracts of land being considered as part of the community.

The District Court in our opinion erred. On the dissolution of a community the property which each spouse owned before its inception, and that which he acquired by inheritance or donation during its continuance, is to be resumed by him or his heirs. The plaintiffs had therefore an exclusive right to these two tracts of land, which their ancestor had received as a donation from his natural father, who had adopted him. The partition of the parish judge was consequently incorrectly set aside.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed; and it is further ordered and decreed that the report and partition of the parish judge, filed in this case, be homologated and take effect: the costs of the appeal to be borne by the defendants and appellees; and those of the District Court and making the partition to be paid by the estate.

*WESTERN DIS. September, 1841.*

*Property received as a donation from the Spanish government by one of the spouses does not enter into the community; but remains his separate property and descends to his heirs as such.*